In the Matter of the Judicial Settlement of the Account of MARY HUBBELL POTTER and Another, as Executors, etc., of EDWARD WALDEN POTTER, Deceased, for the Acts and Doings of Said Decedent, as One of the Executors, etc., of HARRIET EAMES POTTER, Deceased.

CHARLOTTE POTTER WHITCHER, Individually and as One of the Executors, etc., of HARRIET EAMES POTTER, Deceased, Appellant; MARY HUBBELL POTTER and Another, as Executors, etc., of EDWARD WALDEN POTTER, Deceased, Respondents; RUSSELL HAYWARD POTTER, JR., and MARY MCWILLIAMS DAVIS, Respondents.

Fourth Department, June 30, 1937.

*Joseph H. Morey*, for the appellant.

*Joseph Swart*, for the respondents, executors Mary Hubbell Potter and The Marine Trust Company of Buffalo.

*Helen Z. M. Rodgers* for the respondents Russell Hayward Potter, Jr., and Mary McWilliams Davis.

SEARS, P. J. On a former appeal in this proceeding the will of the testatrix was construed (244 App. Div. 130; affd., 269 N. Y. 545). The present appeal is upon an accounting made pursuant to the construction previously decreed.

The testatrix divided her property for distribution into two parts, and in the first division of her will gave, devised and bequeathed the property left to her by her husband, George Russell Potter, who had died August 2, 1888, and in the second division disposed of all her other property. In her husband's will there was contained this sentence, " I also request my dear wife to make her will and so divide what I have left her between my children that each may have as near as she can get at it, and taking into consideration what each already has, an equal amount of this world's goods." The sixth item of the will of the testatrix, Harriet Eames Potter, with which we are particularly concerned, contained this provision: " I give, devise and bequeath all the rest, residue and remainder of the estate which came to me from my late husband unto my son Edward Walden Potter and unto my daughter Charlotte Potter Whitcher, share and share alike, to them and their heirs forever." The construction of the pertinent part of the will as previously decreed is as follows: " That the provisions of that part of said last will and testament of said Harriet Eames Potter which are therein designated as the ' First Division ' thereof disposed of the identical properties given, devised and bequeathed by said George Russell Potter by his said last will and testament to said Harriet Eames Potter which she did not dispose of during her life, and they also dispose of the proceeds of exchanges and sales of properties or any thereof and reinvestments of his said estate

so given, devised and bequeathed to her, so far as the same can be traced, of which she was seized or possessed at the time of her death, but they do not dispose of the income therefrom."

The principal controversy in this case relates to the tracing of the properties received by the testatrix from her husband's estate. After the death of the testatrix's husband an account relating to her husband's estate was opened in a book then kept by the testatrix. Early entries in this account are in her own handwriting. After a few years the account was kept by Edward W. Potter, the testatrix's stepson. After the settlement of George Russell Potter's estate, the name of the account so kept was changed to "Harriet E. Potter, Special." In this account, in a general way, was entered the property received in the first instance from her husband's estate, lands, securities, bank accounts, accounts receivable, currency and so forth. Of all this property, only four parcels of real estate and eleven bonds of the New York, Chicago and St. Louis Railroad Company, of $1,000 each, were in her ownership and possession at the time of her death. These identical properties, of course, fall within the first division of testatrix's will. When properties received from her husband were sold, the account shows the amount of money received upon the sales; the account also shows many items of income. The account also shows the purchase of many securities and the amounts paid for them. The decree appealed from uses this account, rewritten with corrections excluding income, as the basis for tracing the property received by the testatrix from her husband's estate. For reasons which appear we need not consider the correctness of the account as rewritten. We may surmise that the thought that the account would be used in the settlement of the estate was entertained by the testatrix herself; but this account has no testamentary quality. It is no part of the testatrix's will and cannot be incorporated in the will by reference. (*Langdon* v. *Astor's Executors*, 16 N. Y. 9; *Williams* v. *Freeman*, 83 id. 561, and see *Matter of Rausch*, 258 id. 327.) The account may be used, of course, to reflect actual transactions, but except as it reflects actual transactions, it is of no value. But here we meet an insuperable obstacle. There were other accounts in testatrix's book, and the testatrix had a large amount of property not received from her husband's estate. The evidence is conclusive, in fact, it is undisputed, that she never segregated from her own funds the moneys which she received from her husband's estate or the proceeds of sales of securities coming from her husband's estate. She deposited all moneys received by her indiscriminately in various banks without regard to source. The money which she received from her husband's estate was as much her own as

was the other property which she possessed and she was under no legal obligation to keep separate the property received from her husband's estate. We expressed the thought in the opinion on the former appeal that even despite this fact, tracing might be possible by reference to all her papers including her bank accounts. But we also said: " If it is impossible to trace the proceeds of sales of securities received from her husband, there cannot then be taken from the estate an equivalent amount to apply it to the first division. Only property possessed by the testatrix at her death and received from her husband which is held in kind or which can be shown to be property into which property received from her husband has been converted by the testatrix, falls within the first division of the estate." It now conclusively appears that aside from the property held in kind a tracing is impossible. Even the bank accounts of the testatrix are not now available. Nothing is disclosed as to where she deposited any particular fund or from what sources she bought the securities which were entered in the special account. The special account, therefore, is a mere series of entries shown by the proved actualities to be unsustained in fact as a record of properties received by the testatrix from her husband. When moneys without earmarks, a quality which all money lacks, are commingled, the possibility of tracing as identifiable property fails. Identity is lost. (*Ferris* v. *Van Vechten*, 73 N. Y. 113; *Matter of Title & Mortgage Guarantee Co. of Buffalo*, 246 App. Div. 435; affd., 270 N. Y. 629.) This, to be sure, is not a satisfactory result, and the consequences are such that the wish expressed in the will of the testatrix's husband cannot be carried out however much the testatrix may have intended that it should be. The fault lies, however, in the language which the testatrix chose to employ in describing the property falling within the first division of her will. She did not dispose in this division of an amount equivalent to the value of property received from her husband but of such property itself.

The respondents submit for our consideration cases where there has been a tracing of property even though commingling has occurred. These are cases where there was an obligation on the part of the holder of the property to keep it separate as when the property belonged to someone else, or the holder was a trustee for the benefit of other persons. (*Brown* v. *Spohr*, 180 N. Y. 201; *Van Alen* v. *American National Bank*, 52 id. 1; *Matter of International Milling Company*, 259 id. 77.)

In these cases a tracing which is constructive rather than actual, has been approved; but in all such cases there was a legal obligation on the holder of the property to keep it separate and the constructive

tracing is allowed on the basis of this legal obligation. The respondents would have us extend this principle to the instant case in reliance upon a theory that the testatrix felt under a moral, or, even a legal, obligation to do so. Much as we would like to adopt this theory which would produce a result more nearly consonant with the fulfillment of the request of the testatrix's husband, we do not feel ourselves at liberty to do so. The will has been construed. All of the property was hers. She used language of gift inapplicable to such a theory. She was disposing of her own property. She made divisions of it. We cannot go behind the language that she in fact used in order to reach a result which she doubtless intended but did not in the terms of the disposing clauses provide. In fact she limited her beneficiaries under the first division in language inconsistent with such a theory. We, therefore, reach the conclusions that the content of the first division of her estate as disclosed by this record consists only of the four parcels of real estate and of the $11,000 of bonds of the New York, Chicago and St. Louis Railroad Company which she received from her husband's estate and which at her death she still owned and possessed.

As to the controversy between the parties relating to Charlotte Potter Whitcher's claim for reimbursement for the value of some of the securities included in the trust for the benefit of Russell H. Potter, which strictly came within the provisions of the second division of the will, we agree with the determination of the surrogate that Charlotte Potter Whitcher is, by conduct, estopped from asserting this claim.

The decree should be reversed on the law and on the facts in so far as it determines that any property other than that received in kind by the testatrix from the estate of her husband and except such property as is included in the trust for the benefit of Russell H. Potter and his children passed under the provisions of the first division of the testatrix's will, and in so far as it failed to include in the property devised and bequeathed under the second division of the will all of her estate except the property falling within the first division, as now stated, and otherwise affirmed and the matter should be remitted to the Surrogate's Court to enter a decree in accordance with this opinion, with costs to all parties appearing severally by attorneys, payable out of the estate. Findings of fact in conflict with this opinion to be disapproved and reversed, and new findings made in accordance herewith. Settle findings before SEARS, P. J., on two days' notice.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Decree so far as appealed from reversed as to certain provisions in accordance with the opinion and otherwise affirmed and matter remitted to the Surrogate's Court to enter a decree in accordance with the opinion, with costs to all parties appearing by separate attorneys and filing briefs, payable out of the estate. Findings of fact in conflict with the opinion disapproved and reversed and new findings in accord with the opinion made. Settle findings before SEARS, P. J., on two days' notice.